UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| v. | ) 2:21-cr-00015-JDL |
| | ) |
| JASON CANDELARIO, | ) |
| | ) |
| Defendant. | ) |

## ORDER ON DEFENDANT'S MOTION TO DISMISS COUNT FIVE OF THE SUPERSEDING INDICTMENT

Defendant Jason Candelario is charged in the Superseding Indictment (ECF No. 115) with a total of five counts, including one count of possession by a prohibited person in violation of 18 U.S.C.A. §§ 922(g)(1), 924(e) (West 2021) (Count Five). Candelario has filed a Motion to Dismiss Count Five on the ground that it fails to charge an essential element of the offense (ECF No. 126). For the reasons that follow, I deny the motion.

Count Five of the Superseding Indictment alleges that Candelario, "knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, . . . knowingly possessed a firearm . . . and ammunition." (ECF No. 115 at 3). Candelario argues that this count should be dismissed because it omits an essential element of the charged crime. According to Candelario, the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019),[1] requires that the

---

[1] *Rehaif* held that, under 18 U.S.C.A. §§ 922 and 924(a)(2), the Government must prove "that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." 139 S. Ct. at 2194; *see also United States v. Lara*, 970 F.3d 68, 86 (1st Cir. 2020) (noting that § 924(a)(2) "contains the language that sets forth the knowledge-of-status element" for § 924(e)).

Government charge and prove that Candelario knew that his status as a felon prohibited him from possessing a firearm and ammunition.

Candelario's argument is contrary to binding precedent. In *United States v. Austin*, the First Circuit rejected the defendant's argument that *Rehaif* "obligate[s] the government to prove his subjective knowledge that he was violating the law," explaining that "*Rehaif* imposes a scienter of *status* requirement: it . . . require[s] the government to prove [the defendant] knew he was a felon." 991 F.3d 51, 59 (1st Cir. 2021) (alteration omitted) (internal quotation marks omitted); *see also United States v. Burghardt*, 939 F.3d 397, 405-06 (1st Cir. 2019) (describing the *Rehaif* scienter-of-status requirement as whether the defendant "knew when he possessed the gun that he had previously been convicted of an offense punishable by more than a year in prison"). The seven other circuits that have considered this issue have reached the same conclusion. *United States v. Moody*, 2 F.4th 180, 197 n.6 (4th Cir. 2021) (collecting cases).

Candelario contends that *Austin* is inapposite because, in that case, the defendant had not raised the issue in the trial court, so the First Circuit was reviewing the *Rehaif* issue for plain error. However, the important point derived from *Austin*—which, again, comports with the conclusions of other circuit courts—is that the "nature of the status element" under §§ 922(g) and 924(a)(2) does not require the Government to prove that the defendant knew that he was prohibited from possessing a firearm due to his status as a convicted felon. 991 F.3d at 59. *Austin*'s clarity on this point was in no way affected by the standard of review that the court applied.

Count Five of the Superseding Indictment alleges that Candelario knew that he had previously been convicted of a felony and specifies four prior state felony convictions. It also states that, with that knowledge, Candelario knowingly possessed firearms and ammunition. These allegations sufficiently charge the essential elements of the offense.

For the foregoing reasons, Candelario's Motion to Dismiss Count Five (ECF No. 126) is **DENIED**.

**SO ORDERED.**

**Dated this 13th day of September, 2021.**

                                                    /s/ JON D. LEVY  
                                        **CHIEF U.S. DISTRICT JUDGE**