UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JASON CANDELARIO, Petitioner | ) | 2:21-cr-00015-LEW-1 |
| v. | ) | 2:25-cv-00529-LEW |
| UNITED STATES OF AMERICA, Respondent | ) | |

**RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

Following a guilty plea, Petitioner was convicted of conspiracy to commit Hobbs Act robbery, interference with commerce by violence, and possession of a firearm after a felony conviction; the Court sentenced Petitioner to 175 months in prison. (Judgment, ECF No. 413.) Petitioner moves pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. (Motion, ECF No. 496.) The Government requests dismissal of the motion. (Response, ECF No. 512.)

Following a review of the record and after consideration of Petitioner's motion and the Government's response, I recommend that the Court dismiss the motion.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

In the early morning hours of August 3, 2019, police received an emergency call reporting a shooting at a home in York, Maine. Officers found three individuals at the home, one of whom had suffered a gunshot wound. (Prosecution Version at 2, ECF No. 321.) Immediately after the three individuals arrived at the residence and parked in the garage, two masked and armed men entered the garage, there was a physical altercation, a

firearm was discharged, one person was wounded in the abdomen, and the gunmen fled. (Prosecution Version at 2.)

Petitioner was indicted in February 2021, and a grand jury ultimately charged him with: (1) conspiring to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951(a); (2) interfering with commerce by violence in violation of 18 U.S.C. §§ 1951, and 2; (3) discharging a firearm during a crime of violence in violation of 18 U.S.C. §§ 2, 924(c)(1)(A), and 924(c)(1)(A)(iii); (4) brandishing a firearm during a crime of violence in violation of 18 U.S.C. §§ 2, 924(c)(1)(A), and 924(c)(1)(A)(ii); and (5) possessing a firearm after having been convicted of an offense punishable by more than one year in prison in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). (Indictment, ECF No. 3; Superseding Indictment, ECF No. 115.) In November 2022, Petitioner pled guilty to counts one, two, and five of the superseding indictment. (Change of Plea Hearing, ECF No. 324.)

At sentencing in March 2023, the statutory minimum sentence was ten years in prison and the statutory maximum sentence was twenty years in prison; the Court calculated a guideline range of 140 to 175 months based on a total offense level of 29 and a criminal history category of V. (Sentencing Transcript at 52, 58, ECF No. 443.) The Court sentenced Petitioner to 175 months in prison. (Judgment, ECF No. 413.)

Petitioner appealed, arguing that the sentence was substantively unreasonable and created an unwarranted disparity with the other conspirators; in June 2024, the First Circuit affirmed. *United States v. Candelario*, 105 F.4th 20, 21 (1st Cir. 2024). Petitioner later filed this § 2255 motion.

## DISCUSSION

### A. Legal Standards

A person may move to vacate his or her sentence on one of four different grounds: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction" to impose its sentence; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see Knight v. United States*, 37 F.3d 769, 772 (1st Cir. 1994).

"*[P]ro se* habeas petitions normally should be construed liberally in petitioner's favor." *United States v. Ciampi*, 419 F.3d 20, 24 (1st Cir. 2005) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The burden is on the section 2255 petitioner to establish by a preponderance of the evidence that he or she is entitled to section 2255 relief. *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998); *United States v. DiCarlo*, 575 F.2d 952, 954 (1st Cir. 1978). When "a petition for federal habeas relief is presented to the judge who presided at the petitioner's trial, the judge is at liberty to employ the knowledge gleaned during previous proceedings and make findings based thereon without convening an additional hearing." *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993).

A collateral challenge is not a substitute for an appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982); *Berthoff v. United States*, 308 F.3d 124, 127 (1st Cir. 2002). "[A] defendant's failure to raise a claim in a timely manner at trial or on appeal constitutes a procedural default that bars collateral review, unless the defendant can demonstrate cause for the failure and prejudice or actual innocence." *Berthoff*, 308 F.3d at 127–28.

Procedural default is an affirmative defense. *Sotirion v. United States*, 617 F.3d 27, 32 (1st Cir. 2010). The First Circuit has recognized that "federal courts have the authority to consider procedural default *sua sponte.*" *Rosenthal v. O'Brien,* 713 F.3d 676, 683 (1st Cir. 2013) (citing *Brewer v. Marshall,* 119 F.3d 993, 999 (1st Cir. 1997)); *see also Daniels v. United States*, 532 U.S. 374, 382–83 (2001) (recognizing that "procedural default rules developed in the habeas corpus context apply in § 2255 cases") (citing *Frady*, 456 U.S. at 167–68).

An allegation of ineffective assistance of counsel can excuse a procedural default if the petitioner demonstrates that counsel's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). The petitioner must also demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A district court reviewing a claim of ineffective assistance of counsel need not address both prongs of the *Strickland* test because a failure to meet either prong will undermine the claim. *Id.* at 697. If a petitioner's "claims fail on the merits, his related claims that counsel rendered ineffective assistance in failing to press the claims at trial or on appeal must also fail." *Tse v. United States*, 290 F.3d 462, 465 (1st Cir. 2002) (per curiam).

Under the law of the case doctrine, "issues disposed of in a prior appeal will not be reviewed again by way of a 28 U.S.C. § 2255 motion." *Singleton v. United States*, 26 F.3d 233, 240 (1st Cir. 1994) (modifications and quotation marks omitted); *see also Elwell v.*

*United States*, 95 F.3d 1146, 1996 WL 516138 at *5 (1st Cir. 1996) (holding that a petitioner "is not entitled on collateral review to relitigate issues raised on direct appeal, absent an intervening change in the law"); *White v. United States*, 371 F.3d 900, 902 (7th Cir. 2004) (collecting cases and explaining limited exceptions).

"Evidentiary hearings on § 2255 petitions are the exception, not the norm, and there is a heavy burden on the petitioner to demonstrate that an evidentiary hearing is warranted." *Moreno-Morales v. United States*, 334 F.3d 140, 145 (1st Cir. 2003). A hearing is unnecessary "when a § 2255 petition (1) is inadequate on its face, or (2) although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case." *Id.* (quotation marks omitted).

Summary dismissal of a motion is permitted when the allegations are "vague, conclusory, or palpably incredible," even "if the record does not conclusively and expressly belie [the] claim." *Machibroda v. United States*, 368 U.S. 487, 495 (1962). A court can reasonably require a petitioner to supply the court with salient details of the claim prior to permitting discovery or a hearing. *David*, 134 F.3d at 478 (holding that "the district court did not abuse its discretion in refusing to license a fishing expedition").

**B. Pre-Plea Ineffective Assistance**

Petitioner's motion can be construed to argue that his attorney provided ineffective assistance of counsel before the guilty plea by failing to investigate, failing to identify or contact exculpatory witnesses, and failing to maintain adequate communication with Petitioner. (Motion at 2.) The vague and conclusory allegations do not establish deficient performance. Petitioner did not raise any contemporaneous concerns regarding counsel's

communications, has not identified any of the alleged exculpatory witnesses, and given the evidence of Petitioner's guilt, which remains undisputed, reasonably competent counsel could have chosen to forego additional investigation about the crime. *See Janosky v. St. Amand*, 594 F.3d 39, 49 (1st Cir. 2010) ("Where, as here, the result of counsel's alleged failure to investigate is wholly speculative," an ineffective assistance claim fails).

Even if there were more than conclusory allegations of deficient performance, the record does not establish any prejudice from counsel's decisions. To establish prejudice in the context of a claim of ineffective assistance leading to a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial," *Hill v. Lockhart*, 474 U.S. 52, 59 (1985), or would have accepted another available and more favorable plea offer, *Missouri v. Frye*, 566 U.S. 134, 147 (2012). Petitioner does not allege (and the record lacks any contemporaneous evidence) that he rejected a more favorable plea offer or would have insisted on going to trial but for counsel's decisions.

Because Petitioner cannot establish deficient performance or prejudice regarding counsel's pre-plea decisions, Petitioner's ineffective assistance claim fails.

**C. Ineffective Assistance at Sentencing**

Petitioner contends that he was deprived of the effective assistance of counsel at sentencing because his attorney failed to: (1) prepare a sentencing memorandum; (2) present mitigation evidence; (3) maintain meaningful communication; (4) "correct false assumptions that [Petitioner] fired a gun or endangered children," and (5) analyze whether

his prior state convictions resulted in a statutory sentencing enhancement. (Motion at 2–4.)

As discussed above, allegedly inadequate communications do not warrant habeas relief given the absence of contemporaneous objections or obvious prejudice. Further, the claim is inconsistent with the attachments that Petitioner filed with the motion, which attachments contain many detailed communications between counsel and Petitioner through an intermediary. (Attachments, ECF Nos. 496-3, 496-4, 496-5).

The record also conclusively refutes three of Petitioner's other arguments. Counsel prepared and filed for the sentencing judge's consideration two sentencing memoranda, ten supporting letters, and four other attachments. (Sentencing Memoranda, ECF Nos. 398, 408–09.) A review of the documents reveals nothing inadequate about the substance of the documents. In addition to the mitigation evidence and arguments contained in the sentencing memoranda and exhibits, counsel also disputed certain aspects of the Presentence Investigation Report, (Objection to PSR, ECF No. 370), and argued mitigating factors during the sentencing hearing, (Sentencing Transcript at 37–38.) The Court expressly relied on some of the mitigation evidence counsel presented, including when declining the Government's request for an upward variance. (*See, e.g.*, *id.* at 59 ("I've also carefully weighed . . . Mr. Candelario's difficult childhood. And I mentioned earlier, it's fair to consider that in mitigation, and I do. It is what leads me . . . not to impose a variant sentence in excess of the guideline range . . ."). Petitioner does not explain what other mitigating evidence counsel allegedly should have raised in addition to the facts and materials that counsel presented.

Petitioner's attorney also argued effectively that Petitioner did not fire the gun, and the Court determined that the Government had not shown that Petitioner committed the act; rather, the Court found the other perpetrator was responsible. (*Id.* at 6 ("I conclude that it has not been shown that Mr. Candelario was the individual who tried to break the window and who discharged the handgun"); *id.* at 54 (summarizing the offense conduct, including "at that point that Mr. Carpio shot the victim in the lower abdomen. Mr. Candelario himself was grazed . . . by the bullet")). Petitioner does not explain what more counsel should have done regarding the firearm discharge and how it would have altered the result.

Petitioner's contention that counsel provided ineffective assistance by failing to analyze and determine whether his prior convictions were committed on occasions different from one other to obtain "relief from ACCA exposure" is also unsupported by the record. (Motion at 4.) The Armed Career Criminal Act ("ACCA") provides for enhanced minimum and maximum penalties for individuals who possess a firearm after three qualifying prior convictions for violent felonies or serious drug offenses. 18 U.S.C. § 924(e). The superseding indictment cited the enhanced ACCA penalty provisions and included one February 2007 conviction for armed robbery, two April 2008 convictions for robbery, and one October 2014 conviction for burglary, but the superseding indictment did not allege that the prior convictions were committed on separate occasions. Until 2022, courts generally operated with the understanding that a judge could find that prior convictions were committed on separate occasions and that the fact need not be proved beyond a reasonable doubt (or admitted specifically at a plea hearing). The issue became

uncertain, however, after *Wooden v United States*, 595 US 360, 363 (2022), in which the Supreme Court held that ten convictions for multiple burglaries committed in a single criminal episode occurred on one occasion for purposes of the ACCA. *Id.* at 397 (Gorsuch, J., concurring) (noting that "[a] constitutional question simmers beneath the surface" that the Supreme Court "will have to [consider] soon" because "only judges found the facts relevant to Mr. Wooden's punishment under the Occasions Clause, and they did so under only a preponderance of the evidence standard").

The record reflects that defense counsel and the Government analyzed and discussed the issue after *Wooden* was decided. The Government and Petitioner's attorney agreed that Petitioner did not qualify as an armed career criminal because it was not specifically alleged and Petitioner did not admit that his prior relevant convictions were committed on separate occasions. Contrary to Petitioner's argument, therefore, the record is not ambiguous regarding the ACCA issue. The prior convictions were established and not in dispute and were considered for some purposes, but the Court specifically determined that Petitioner did not qualify for the ACCA enhanced statutory penalties based on the convictions. (Sentencing Transcript at 58.) Petitioner did not explain what more could be expected of reasonably competent counsel or how Petitioner was prejudiced by counsel's efforts to enter into a stipulation that avoided the enhancement.

For those reasons, the sentencing-related ineffective assistance claims fail.[1]

---

[1] Petitioner also recharacterized his argument that he was found to have discharged the firearm as a freestanding due process claim based on the alleged improper reliance on false facts. The freestanding due process claim fails because (1) it is procedurally defaulted and the only basis for excusing the default is ineffective assistance and thus amounts to the same claim he raised under the heading of ineffective

**D. Family Hardship, Rehabilitation, and Cumulative Error**

Petitioner asserts there are newly discovered facts that are constitutionally relevant because they bear on the § 3553(a) factors, including his "rehabilitation efforts" and the fact that his wife lost her job and experienced worsening medical issues. (Motion at 3.) While newly discovered information about the facts preceding a conviction can be relevant in the § 2255 context, the alleged new facts here have no bearing on a legal violation or on Petitioner's guilt. Post-sentencing developments like rehabilitation and family circumstances are not cognizable on habeas review because they do not address the validity of the conviction or sentence. Habeas relief is not available whenever there is a factual development that might have been relevant in the § 3553(a) analysis had it occurred before sentencing because "[o]nce a district court imposes a term of imprisonment, it may modify that term only to the extent authorized by 18 U.S.C. § 3582(c)." *United States v. Griffin*, 524 F.3d 71, 83 (1st Cir. 2008).

Finally, Petitioner alleges cumulative error from all the issues he raises, (Motion at 3), but because there was no error, the cumulative effect of the issues does not alter the analysis. *See United States v. Stokes*, 124 F.3d 39, 43 (1st Cir. 1997) ("While trial errors which in isolation appear harmless may have a cumulative effect" great enough to establish prejudice, "cumulative-error analysis is inappropriate when a party complains of the cumulative effect of non-errors").

In sum, Petitioner's arguments do not warrant § 2255 relief.

---

assistance, and (2) the underlying argument lacks merit because Petitioner's contention that he was found to have discharged the firearm is erroneous for the reasons explained above.

## CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2255 Cases. I recommend that the Court deny Petitioner's motion for habeas relief under 28 U.S.C. § 2255. I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of any other denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 25th day of September, 2026.